22238

CONNECTICUT NATIONAL BANK, Appellant,
v. Walter W. WILSON, Jr., Respondent.

(326 S. E. (2d) 657)

Supreme Court

*Curtis L. Coltrane* of *Herring & Meyer, P. A.*, Hilton Head Island, *for appellant.*

*Thomas L. Brooks* of *Palmer & Brooks, P. A.*, Hilton Head Island, *for respondent.*

Submitted Jan. 23, 1985.

Decided Feb. 20, 1985.

LITTLEJOHN, Chief Justice:

In this action to collect on three promissory notes, the plaintiff-appellant, Connecticut National Bank, sued the defendant-respondent, Walter W. Wilson, Jr. (Borrower), a resident of Beaufort, South Carolina, in our Court of Common Pleas. This action was instituted approximately two months after the commencement of an action in the United States District Court of Connecticut by the Borrower and thirty-three other plaintiffs against the same Bank. The Connecticut action asserts allegations of Securities Exchange Act violations, fraud and negligence and seeks rescission of various promissory notes including those of the Borrowers.

In this action, the bank seeks to recover on the same notes which the Borrower seeks to rescind in the Connecticut court. The Borrower admits signing the notes but denies liability. He moves to stay the South Carolina court proceeding pending the resolution of the Connecticut action on the ground that there is pending "... a related action ... in the United States District Court for the District of Connecticut." The trial judge granted the motion. We reverse.

In *McConnell v. Williams*, 252 S. C. 573, 167 S. E. (2d) 492 (1969), we held that an order of abatement should be issued only where there is an identity of parties, causes of action, issues and relief.

Generally speaking, in order that one of two pending actions may be urged in abatement of the other, the actions must be identical or substantially so, that is, they must be between the same parties (infra §§ 56-62), based on the same cause of action, involve the same issues (infra §40), and be capable of authorizing the same relief (infra § 43).

1 C.J.S. *Abatement and Revival* § 39.

We hold that the parties, objects, issues, causes of action, and relief herein involved are not identical with those in the Connecticut action. In Connecticut, there is involved violations of federal statutes, fraud and negligence. Here, there is involved merely an action to recover on promissory notes. Abatement of the action was improper. Accordingly, we reverse and remand for trial.

Reversed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.